IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VAUGHN DAMON WILSON PLAINTIFF

v. Civil No. 2:26-cv-02123-DCF-MEF

ARKANSAS, STATE OF DEFENDANTS

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court are the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and Motion for Service. (ECF Nos. 3, 4). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable David Clay Fowlkes, United States District Judge, referred these motions to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

## I. BACKGROUND

Plaintiff filed his Civil Cover Sheet and Notice of Removal on August 5, 2026. (ECF Nos. 1, 2). On his Cover Sheet, Plaintiff checks that this is a Federal Question, and it is being removed from state Court. (ECF No. 1). Plaintiff also added an additional stamp on the sheet, which states "Without prejudice UCC 1-308." (*Id.*). Plaintiff indicates that he wishes to remove Arkansas state Case VAS-26-2284 to this Court. As his introductory paragraph, he states:

> **NOTICE OF REMOVAL**
> **28 U.S. Code § 1455 - Procedure for removal of criminal prosecutions.**
> Now comes Vaughn Damon Wilson, a Citizen of the United States of America, one of "we the people" and a beneficiary thereof. And I claim all rights as the beneficiary. I am not a trustee of any United States citizen trust. See ... *46 U.S. Code§ 53401 - Definitions (7)*. And I am not a trustee of any kind. Nor am I a legal fiction. I am not a party to any admiralty or maritime contract. I am standing on dry land. My land is allodial and has a land patent number 988. And I explicitly reserve

> all of my rights. My silence does not perfect contracts or waive any rights. Notice: I do not accept a magistrate.

(ECF No. 2 at 1).

Plaintiff further states:

> **1)** I have been charged with violating a regulation which is not a law and never voted on by the Arkansas legislature. Further, the Arkansas Code Annotated is copyrighted color of law. And both are of a contractual nature. I am not a party to either contract. This is a denial of my guaranteed republican form of government and domestic violence has been committed against me.

(*Id*. at 1-2). Plaintiff requests that the case be removed to this District and the charges against him be dismissed. (*Id*. at 3). Plaintiff attaches his "actual birth certificate," a "certified copy reservation of rights," a copy of the citation, and "Supplemental details of events" as exhibits.

The Court has reviewed Plaintiff's state case, *State v. Vaughn*, VAS-26-2284.[1] Plaintiff is charged with Baiting and Feeding Wildlife within a Chronic Wasting Disease Management Zone. The case is open and is pending in the Crawford County District Court, Van Buren Division. A plea and arraignment hearing is set for August 24, 2026. It does not appear that Plaintiff filed a Notice of Removal with the state court. The Court also takes judicial notice that Plaintiff recently filed a Section 1983 case in this District concerning his interaction with the Arkansas Game and Fish Commission. Although Plaintiff did not provide the citation for the underlying state case in his Complaint, it now appears likely that it dealt with the baiting and feeding charge in *State v. Vaughn*, VAS-26-2284. In *Wilson v. Stafford*, Case No. 2:26-cv-02106-DCF-MEF, a Report and Recommendation was filed on August 4, 2026. It was recommended that the Complaint be dismissed as inherently frivolous because it was clearly based on sovereign citizen ideology. It further recommended that the case be dismissed because his vague and conclusory statements failed to provide sufficient factual allegations to state a plausible constitutional claim.

[1] Information publicly available at SearchARCourts. (last accessed Aug. 17, 2026).

## II. LEGAL STANDARD

Plaintiff, a non-prisoner, has requested leave to proceed IFP. On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff labels his case as one for removal under 28 U.S.C. § 1455. Section 1455 governs only the procedure for removal. It is 28 U.S.C. § 1443 which determines which criminal cases are

eligible for removal. The Honorable Christy L. Comstock recently addressed the requirements of Section 1443:

> 28 U.S.C. § 1443(1) allows for the removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal jurisdiction under § 1443(1) is very limited. Generally, "vindication of the defendant's federal rights is left to the state courts." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Removal of a state criminal prosecution to federal court is therefore only permitted "in the rare situations where it can be clearly predicted by reason of operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing defendant to trial in the state court." *Id.* For a state criminal prosecution to be removed under 28 U.S.C. § 1443(1), the removal petition must satisfy a two-prong test. *Johnson v. Mississippi*, 421 U.S. 213, 2219-220 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear...that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel*, 384 U.S. at 803).

*Copeland v. Arkansas*, No. CV 26-5006, 2026 WL 471965, at *2 (W.D. Ark. Jan. 15, 2026), *report and recommendation adopted*, No. 5:26-CV-5006, 2026 WL 466753 (W.D. Ark. Feb. 18, 2026).

Here, Plaintiff fails to meet the first prong of the 28 U.S.C. § 1443(1) removal test because he does not allege that he is being prosecuted in violation of a specific statute barring racial discrimination. *See*, *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (to demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality."). Instead, Plaintiff relies upon sovereign citizen ideology as the basis for his removal. As was previously explained to Plaintiff, it is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources. *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the sovereign citizen issues in the case "are

completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Meyer v. Pfeifle*, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd*, 790 F. App'x 843 (8th Cir. 2020) ("[plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (claim that Nebraska statutes and laws do not apply to a sovereign citizen dismissed as frivolous); *Engel v. Corizon*, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation."); *U.S. v. Mooney*, No. 16-CV-2547 (SRN/LIB), 2017 WL 2352002, at *3 (D. Minn. May 31, 2017) (noting sovereign citizen "arguments have been thoroughly and consistently rejected by courts throughout this country"); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen arguments "be rejected summarily, however they are presented"); *Haywood v. Texas Realator*, No. 3:22-CV-02174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-02174-K-BT, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023) (sovereign citizens "cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse").

Where "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the Court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the stated reasons, this matter should be summarily remanded back to the Crawford County District Court, Van Buren Division.

In accompaniment to the Notice of Removal, Plaintiff filed a Motion for leave to proceed *in forma pauperis*. (ECF No. 2). A filing fee is not required for the removal of a state criminal

prosecution to federal court. *See Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964). Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this matter should be denied as moot.

## IV. CONCLUSION

For the reasons discussed, it is RECOMMENDED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) be DENIED as moot, his Petition for Removal (ECF No. 2) be DENIED, and this case be SUMMARILY REMANDED to the Crawford County District Court, Van Buren Division.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of August 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE